UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOSE CONCEPCION RUIZ-CHAVEZ,<br><br>Defendant. | NO. CR20-065-JLR<br><br>**DISCOVERY PROTECTIVE ORDER** |

This matter comes before the Court on a Joint Motion for Entry of a Discovery Protective Order, and, finding good cause, the Court hereby enters the following:

**DISCOVERY PROTECTIVE ORDER**

**A.  Definitions**

As used in this Order, the term "Protected Information" means any date of birth, place of birth, Social Security number, driver's license number, bank account number, credit card number, personal identification number, address, telephone number, name and/or location of employment, victim identity, and/or any other similar information or number implicating a privacy interest of and belonging to a third-party individual, business, partnership, or corporation.

DISCOVERY PROTECTIVE ORDER - 1
*U.S. v. Jose Concepcion Ruiz-Chavez,* CR20-065-JLR

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

As used in this Order, the term "Protected Material" means any document or other record containing or reflecting Protected Information.

**B.     Permissible Disclosure of Protected Information and Protected Material**

The United States will make available copies of the Protected Material to defense counsel to comply with the government's discovery obligations. Possession of the Protected Material is limited to defense counsel, his investigators, paralegals, assistants, law clerks, experts, and assistants for the attorney of record ("members of the defense team").

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant, but may not provide a copy of the Protected Material directly to the Defendant or allow him to keep and maintain it in his possession. Defense counsel and/or the defense team may, however, provide an electronic copy of the Protected Material to the Education Department of the Federal Detention Center – SeaTac ("FDC-SeaTac"), along with an executed copy of the FDC-SeaTac's Electronic Discovery and Legal Material Authorization Form. The Defendant may then review that electronic copy of the Protected Material in the Education Department of the FDC-SeaTac pursuant to its policies and procedures, but the Defendant will not be permitted to have a copy of any Protected Material in his cell. Notwithstanding the terms of this Order, Defendant may possess documents from which all Protected Information has been redacted.

Members of the defense team may review or discuss the contents of documents containing Protected Material with any prospective witness, as long as they do not share the unredacted documents, or share any Protected Information with any prospective witness.

**C.     Filing**

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and

DISCOVERY PROTECTIVE ORDER - 2
*U.S. v. Jose Concepcion Ruiz-Chavez,* CR20-065-JLR

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**D.     Consent to Terms of Protective Order**

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense teams, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients of the terms and conditions of this Protective Order. This written consent shall not, however, be required for members of the defense team who are employed by the same office as the attorney of record. For those member of the defense team, it shall be sufficient for the attorney of record to provide a copy of this Protective Order to those members and to remind them of their obligations under the Order. The written consent need not be disclosed or produced to the United States unless requested by the United States Attorney's Office for the Western District of Washington and ordered by the Court.

**E.     Parties' Reciprocal Discovery Obligations**

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

**F.     Modification**

The parties agree that this Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by other order of the Court.

**G.     Nontermination**

The provisions of this Order shall not terminate at the conclusion of this prosecution. The provisions of this Order shall terminate only by court order.

DISCOVERY PROTECTIVE ORDER - 3
U.S. v. Jose Concepcion Ruiz-Chavez, CR20-065-JLR

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

H. **Violation of Protective Order**

The defendant is on notice that should he violate the terms of the protection order, the United States reserves the right to seek appropriate relief from the Court.

DATED this 7th day of May, 2020.

_____
THE HON. JAMES L. ROBART
United States District Court Judge

Presented by:

 */s Michelle Jensen*
DONALD M. RENO, JR.
MICHELLE JENSEN
Assistant United States Attorney


 */s Gregory Geist*
GREGORY GEIST
Assistant Federal Public Defender

DISCOVERY PROTECTIVE ORDER - 4
*U.S. v. Jose Concepcion Ruiz-Chavez,* CR20-065-JLR

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970